## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **DONALD SMITH**, <br><br> 48 Squires Avenue <br> Defiance, OH 43512 <br><br>       **PLAINTIFF**, <br><br>    v. <br><br> **GREEN, BELL & MCDONALD, INC. D/B/A E-MC ELECTRICAL SERVICES**, <br><br> C/O Statutory Agent Douglas R. Green <br> 2004 E. Randol Mill Road, Suite 501 <br> Arlington, TX 76011 <br><br> and, <br><br> **TRADESMEN INTERNATIONAL, LLC**, <br><br> C/O Statutory Agent Corporation Service Company <br> 50 West Broad Street, Suite 1330 <br> Columbus, OH 43215 <br><br>       **DEFENDANTS**. | CASE NO. 3:21-cv-1707 <br><br> DISTRICT JUDGE <br><br> MAGISTRATE JUDGE <br><br> **COMPLAINT WITH JURY DEMAND** |

### I.      NATURE OF THE CLAIMS

1.      This is a civil action by Plaintiff Donald Smith against his former joint employers, Defendant Green, Bell & McDonald, Inc. d/b/a E-MC Electrical Services and Defendant Tradesmen International, LLC.

2.      Mr. Smith worked for Defendants as an electrician.  While employed, he was repeatedly mistreated and berated by Defendants because of his age.  He then severely injured his shoulder in the course of his employment and filed a workers' compensation claim to seek

treatment.  The next day, Defendants fired him.  His direct supervisor, Brandon Bednarz, told

Mr. Smith that he was too old for the job.  Mr. Bednarz had previously complained to Defendant

Tradesmen International, LLC to stop giving him "old people" as workers.

3.　　　Defendants therefore committed one or more of the following unlawful acts: (1)

terminated Mr. Smith's employment because of his age; and/or (2) terminated his employment in

violation of Ohio Revised Code Section 4123.90 and/or the public policy underlying the statute.

4.　　　Accordingly, Mr. Smith now files this civil action.  He seeks to recover for the

harm he has suffered, to punish Defendants for their conduct, and to deter Defendants from ever

perpetrating conduct against any other person.

## II.　　JURISDICTION AND VENUE

5.　　　Pursuant to R.C. 1907.03 and 2305.01, this Court has original jurisdiction because

this is a civil action where the amount in controversy exceeds the county court's exclusive

original jurisdiction.

6.　　　Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's

claims made under federal law because those claims constitute a civil action arising under the

Constitution, laws, or treaties of the United States.

7.　　　Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over

Plaintiff's claims made under state law because those claims are so related to federal law claims

in the action that they form part of the same case or controversy under Article III of the United

States Constitution.

8.　　　Pursuant to Ohio Revised Code Sections 2307.381-.385, and the Due Process

Clauses of the federal and Ohio Constitutions, this Court has personal jurisdiction over

2

Defendant Tradesmen International, LLC because it is a resident of, and has continuous and systematic contacts with, the State of Ohio.

9.      Pursuant to R.C. 2307.381-.385, and the Due Process Clauses of the federal and Ohio Constitutions, this Court has personal jurisdiction over Defendant Green, Bell & McDonald, Inc. d/b/a E-MC Electrical Services for the following reasons: it transacted business in this state; it caused tortious injury by an act or omission in this state; it caused tortious injury in this state to Plaintiff by an act outside this state committed with the purpose of injuring Plaintiff, when it might reasonably have expected that some person would be injured thereby in this state; and/or it purposefully availed itself of the privilege of acting in Ohio, its causes of action arise out of its activities in Ohio, and the exercise of jurisdiction over it is reasonable.

10.     Pursuant to 28 U.S.C. § 1391, this Court is the appropriate venue because the Northern District of Ohio is the judicial district in which a defendant resides and is a judicial district in which a substantial part of the events or omissions giving rise to the claims for relief occurred.

11.     Pursuant to Rule 3.8 of the Local Civil Rules of the United States District Court for the Northern District of Ohio, the Western Division at Toledo is the appropriate division because it serves the counties in which a defendant resides.

### III.     PARTIES

12.     Plaintiff Donald Smith ("Plaintiff" or "Mr. Smith") is a natural person who is a resident of the State of Ohio.  Defendant Tradesmen International, LLC and Defendant Green, Bell & McDonald, Inc. d/b/a E-MC Electrical Services jointly employed Mr. Smith from January 28, 2021, up until Defendants fired him on March 5, 2021.

13.     Defendant Green, Bell & McDonald, Inc. d/b/a E-MC Electrical Services ("Defendant E-MC" or the "Company") is a for-profit corporation that incorporated in the State of Texas and has its principal place of business in the State of Texas.  Defendant E-MC installs and services electrical systems.

14.     Defendant Tradesmen International, LLC ("Defendant Tradesmen" or the "Company") is a for-profit limited liability company that formed in the State of Delaware and has its principal place of business in the State of Ohio.  Defendant Tradesmen provides businesses with qualified skilled tradesmen on a temporary basis.

## IV.     FACTS

15.     Mr. Smith was jointly employed by Defendants as an electrician.  Defendant Tradesmen supplied Defendant E-MC with skilled trade professionals to assist it with one of its building projects in Lima, Ohio.  Originally, Mr. Smith's tenure with Defendant E-MC was to last at least two years.

16.     Defendant Tradesmen paid Mr. Smith's wages.  Defendant E-MC had the joint authority to supervise Mr. Smith, assign him tasks, evaluate his performance, set his work schedule, dictate his start and end times, release him for breaks, discipline him, regulate his use of paid-time off, and discharge him.

17.     Upon his arrival at Defendant E-MC's worksite, his supervisor, Brandon Bednarz, complained that the employees sent by Defendant Tradesmen were "too old."  Specifically, Mr. Bednarz complained to Defendant Tradesmen only sent employees who did not want to work and "old people."

18.     Mr. Bednarz frequently referred to Mr. Smith as "old man" throughout his employment with Defendants.

19.     Mr. Smith is fifty-two years old.  At the time of his employment, he was one of the oldest electricians at the worksite.

20.     Defendants frequently underutilized Mr. Smith and instructed him to perform menial and degrading tasks, rather than tasks typically required of electricians.  For example, Defendants required Mr. Smith to shovel snow out of a ditch.  Defendants also required Mr. Smith to tape pipes, load and unload equipment, clean areas of the worksite, and paint. Defendants did not require younger electricians to perform such tasks.

21.     On or about March 4, 2021, Mr. Smith injured his shoulder working for Defendants and filed a workers' compensation claim.  He informed Defendants of these facts.

22.     The day after Mr. Smith injured his shoulder, Defendants terminated his employment via text message.

23.     Shortly after this, Mr. Smith went to Defendants' worksite to pick up his tools.  At this time, Mr. Bednarz told Mr. Smith that he was too old for the job.  Mr. Bednarz also indicated that Mr. Smith was prone to injury because of his age.

24.     Defendants then replaced Mr. Smith with another electrician.  Mr. Smith's replacement is in his twenties.  Upon information or belief, this employee has not filed any workers' compensation claims.

25.     Shortly after his termination, Mr. Smith dual-filed a charge of discrimination with the Ohio Civil Rights Commission and Equal Employment Opportunity Commission.  A true and accurate copy of that charge of discrimination is attached as Exhibit A.

26.     In its response to Mr. Smith's charge of discrimination, Defendant E-MC claimed to terminate Mr. Smith's employment due to poor work performance, changing the reason it gave to Mr. Smith for his termination.

27.     Defendants' stated reasons for terminating Mr. Smith are therefore a pretext for unlawful discrimination and/or retaliation.

## V.     CLAIMS FOR RELIEF

### COUNT I

**Violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq.**
**(Age Discrimination – Termination of Employment)**

**Against Defendant E-MC**

28.     All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

29.     Plaintiff was at all relevant times an "employee" within the meaning of 29 U.S.C. § 630(f).

30.     Plaintiff was at all relevant times at least forty years old within the meaning of 29 U.S.C. § 631(a).

31.     Defendant E-MC was at all relevant times an "employer" within the meaning of 29 U.S.C. § 630(b).

32.     Defendant E-MC violated 29 U.S.C. § 623(a) when it terminated Plaintiff's because of his age.  Alternatively, Plaintiff's age was a motivating factor in the decision by Defendant E-MC to terminate Plaintiff's employment.

33.     As a proximate result of Defendant E-MC's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

34.     Consistent with 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages because Defendant E-MC willfully violated 29 U.S.C. § 623(a).

35.     Consistent with 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b), Plaintiff is entitled to his reasonable attorneys' fees incurred in pursuing Count I.

36.     Consistent with 29 U.S.C. § 626(d), Count I is being filed sixty or more days after Plaintiff has filed a charge alleging unlawful discrimination with the Equal Employment Opportunity Commission.

## COUNT II

### Violation of Ohio Revised Code Sections 4112.02(L), 4112.14, and/or 4112.99
### (Age Discrimination – Termination of Employment)

### Against Defendant Tradesmen

37.     All of the preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

38.     Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4112.01(A)(3).

39.     Plaintiff was at all relevant times at least forty years old within the meaning of R.C. 4112.01(A)(14).

40.     Defendant Tradesmen was at all relevant times an "employer" within the meaning of R.C. 4112.01(A)(2).

41.     Defendant Tradesmen violated R.C. 4112.02(L), 4112.14, and/or 4112.99 when it terminated Plaintiff's employment because of his age.  Alternatively, Plaintiff's age was a motivating factor in the decision by Defendant Tradesmen to terminate Plaintiff's employment.

42.     As a proximate result of Defendant Tradesmen's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial but exceeding $25,000.

43.     Consistent with R.C. 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendant Tradesmen demonstrate malice or aggravated or egregious fraud, and/or Defendant Tradesmen as principal or master knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

44.     Consistent with the rule in *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count II. Alternatively, pursuant to R.C. 4112.14(B), Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count II.

## COUNT III

### Violation of Ohio Revised Code Section 4123.90
### (Retaliation for a Workers' Compensation Claim – Termination of Employment)

### Against All Defendants

45.     All of the preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

46.     Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4123.90.

47.     Defendants were at all relevant times "employer(s)" within the meaning of R.C. 4123.90.

48.     Plaintiff engaged in the protected activity described in R.C. 4123.90.

49.     Defendants violated R.C. 4123.90 when they terminated Plaintiff's employment because Plaintiff engaged in the protected activity set forth in the statute.  Alternatively, Plaintiff's protected activity was a motivating factor in the decision by Defendants to terminate Plaintiff's employment.

50.     Plaintiff has satisfied the procedural requirements of R.C. 4123.90.

51.     As a proximate result of Defendants' actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial but exceeding $25,000.

52.    Consistent with R.C. 4123.90, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count III.

## COUNT IV

### Wrongful Termination in Violation of the Public Policy of R.C. 4123.90
### (Retaliation for a Workers' Compensation Claim – Termination of Employment)

### Against All Defendants

53.    All of the preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

54.    Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4123.90.

55.    Defendants were at all relevant times "employer(s)" within the meaning of R.C. 4123.90.

56.    There is a clear public policy that exists and is manifested in R.C. 4123.90 that prohibits employers from terminating employees before they can file, institute, or pursue a claim for workers' compensation benefits.  *See Sutton v. Tomco Mach., Inc.*, 129 Ohio St.3d 153, 2011-Ohio-2723, 950 N.E.2d 938.

57.    Dismissing employees under the circumstances like those involved in Plaintiff's dismissal would jeopardize that public policy.

58.    Defendants' decision to dismiss Plaintiff was motivated by conduct related to this public policy.

59.    Defendants lacked an overriding business justification for the dismissal.

60.    Plaintiff has satisfied the procedural requirements of R.C. 4123.90.

61.    As a proximate result of Defendants' actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial but exceeding $25,000.

62.     Consistent with R.C. 4123.90, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count IV.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment in his favor on all claims in this Complaint and requests the following relief:

A.     Economic compensatory damages in an amount to be determined at trial;

B.     Non-economic compensatory damages in an amount to be determined at trial;

C.     Liquidated, treble, punitive, or other exemplary damages in an amount to be determined at trial;

D.     Reinstatement or, in the alternative, front pay in an amount to be determined;

E.     Reasonable attorneys' fees incurred in pursuing the claims against Defendants;

F.     All costs and expenses incurred in pursuing the claims against Defendants;

G.     Pre- and post-judgment interest; and

H.     All other legal and equitable relief this Court and/or a jury determines is appropriate.

## VII.     JURY DEMAND

Pursuant to Civ.R. 38, Plaintiff demands a trial by jury on all claims and issues that are triable.

Respectfully submitted,

By:  /s/ Jason E. Starling
Jason E. Starling (Ohio Bar No. 0082619) Trial Attorney
Kevin R. Kelleher (Ohio Bar No. 0099167)
WILLIS SPANGLER STARLING
4635 Trueman Boulevard, Suite 100
Hilliard, Ohio 43026
Telephone: (614) 586-7915
Facsimile: (614) 586-7901
jstarling@willisattorneys.com

10

kkelleher@willisattorneys.com

*Attorneys for Plaintiff Donald Smith*